UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WANDA RITCHIE-BORSCHE,

        Plaintiff,

        v.

Case No. 20-cv-1573-bhl

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security Administration,

        Defendants,

## DECISION AND ORDER

Plaintiff Wanda Ritchie-Borsche seeks reversal and remand of the Acting Commissioner of the Social Security Administration's decision to deny her application for Disability Insurance Benefits (DIB) under the Social Security Act. For the reasons set forth below, the decision is affirmed.

### PROCEDURAL BACKGROUND

Ritchie-Borsche applied for DIB on August 14, 2018. (ECF No. 18-3 at 20.) She first alleged a disability onset date of October 21, 2014 but later amended that date to June 27, 2016. (*Id.*) Her claims were denied initially and on reconsideration, so she sought a hearing before an administrative law judge (ALJ). (*Id.*) That hearing occurred on February 7, 2020. (*Id.*) On March 3, 2020, the ALJ issued his decision, finding Ritchie-Borsche "not disabled" as of her date last insured. (*Id.* at 31.) The Appeals Council denied her request for review, and this action followed. (*Id.* at 8.)

### FACTUAL BACKGROUND

At the time of her hearing before the ALJ, Ritchie-Borsche was 58 and lived with her disabled husband. (*Id.* at 45.) She alleged that she could not work because of a combination of

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for former Commissioner Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

post-traumatic stress disorder, major depression, severe anxiety, cervicalgia, hyperlipidemia, arthritis, degenerative disc disease, chronic pain associated with significant psychosocial dysfunction, obsessive compulsive disorder, and gastroparesis. (ECF No. 25 at 3.) In his decision, the ALJ found her degenerative disc disease of the spine, obstructive sleep apnea/upper airways resistance syndrome, depression, and anxiety constituted severe impairments. (ECF No. 18-3 at 22.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.*

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Ritchie-Borsche criticizes the ALJ's alleged indifference to her myofascial pain syndrome. "'Myofascial pain syndrome' is a condition very similar to fibromyalgia," *Alexander v. Barnhart*, 287 F. Supp. 2d 944, 965 (E.D. Wis. 2003), an invisible disorder that ALJ's disregard at their peril. *See, e.g., Vanprooyen v. Berryhill*, 864 F.3d 567 (7th Cir. 2017); *Thomas v. Colvin*, 826 F.3d 953 (7th Cir. 2016). Ritchie-Borsche believes that, properly considered, her pain inhibits her ability to do anything more than "light work" and, because of her advanced age, automatically qualifies her for DIB. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, rule 202.04. The record shows, however, that the ALJ did not overlook the impact of myofascial pain and his analysis rests on substantial support. The Acting Commissioner's decision will, therefore, be affirmed.

## I. The ALJ Properly Evaluated the Opinions of State Agency Consultants Dr. Pat Chan and Dr. Douglas Chang.

In rejecting Ritchie-Borsche's claim, the ALJ relied on the opinions of Drs. Chan and Chang, finding them "persuasive." (ECF No. 18-3 at 29.) Both opined that, as of her date last insured, Ritchie-Borsche had the residual functional capacity (RFC) to perform "medium work." (*Id.*) Ritchie-Borsche argues that the state agency consultants never considered her myofascial pain, so their opinions were not consistent with or supported by the record, and the ALJ committed reversible error when he found them persuasive.

Under Title 20, when assigning persuasive value to medical opinions and prior administrative medical findings, ALJs must explicitly address the "most important factors" of "supportability" and "consistency." 20 C.F.R. §404.1520c(b)(2). An opinion is more persuasive when supported by relevant objective medical evidence and explanations. *Id.* (c)(1). Similarly, an opinion is worth more when consistent with evidence from other sources in the claim. *Id.* (c)(2). Here, the ALJ wrote that the state agency consultants' opinions were consistent "with MRI scans" and "physical examinations" and supported by "treatment records suggesting conservative treatment measures." (ECF No. 18-3 at 29.) Ritchie-Borsche attacks this analysis from various angles, but none of her arguments has merit.

First, she asserts that the ALJ never addressed supportability at all. (ECF No. 21 at 19.) Yet, immediately below this contention, she reproduces a paragraph in which the ALJ expressly states that the agency consultants' opinions are "*supported* by treatment records suggesting conservative treatment measures." (*Id.*) (emphasis added). Perhaps she meant to argue that the ALJ violated Social Security Ruling 16-3p (SSR 16-3p) because he found her "symptoms inconsistent with the evidence in the record . . . without considering possible reasons" she may not have complied with treatment or sought "treatment consistent with the degree of . . . her complaints." SSR 16-3p, 2017 WL 51780304, at *9 (Oct. 25, 2017). But that argument also fails because "she has not pointed to anything in the record to show that her doctors considered more invasive treatments, nor has she identified any specific reason that she did not seek more treatment." *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021).

Ritchie-Borsche next contends the ALJ impermissibly "played doctor" when he interpreted MRI results. (ECF No. 32 at 7.) ALJs are not qualified to decipher MRIs. *See Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018). But they may, of course, rely on an expert's interpretation of such medical data. *See Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003)

(noting that the problem with the ALJ's analysis was that no expert offered any opinion in support). In this case, the ALJ directly cited Dr. Jonathan Hall—Ritchie-Borsche's osteopathic doctor—who indicated that "for her age, [Ritchie-Borsche's] MRI looks very good." (ECF No. 18-9 at 14.) This is not "playing doctor;" it is quoting one.

Finally, Ritchie-Borsche claims that neither state agency consultant considered her myofascial pain, rendering their opinions incomplete and, therefore, unpersuasive. (ECF No. 21 at 18.) While Dr. Chan's opinion did not reference myofascial pain, Dr. Chang stated that "[Ritchie-Borsche] appears to have myofascial pain." (ECF No. 18-4 at 30.) And he assessed postural limitations to address that pain. (*Id.* at 29.) The ALJ deemed Dr. Chang's opinion persuasive and adopted limitations he proposed. That was not error. While the ALJ could not have rejected the existence of myofascial pain based on a lack of objective evidence, he was permitted (indeed required) to assess "how much [Ritchie-Borsche's] degree of pain . . . limit[ed] [her] functional capabilities." *Williams v. Aetna Life Ins. Co.*, 509 F.3d 317, 322 (7th Cir. 2007).

The ALJ appropriately considered and adopted the opinions of Drs. Chan and Chang and fashioned an RFC consistent with the limitations they assessed. Ritchie-Borsche's challenge to the ALJ's reliance on these state agency consultants therefore fails.

## II. The ALJ Adequately Addressed Ritchie-Borsche's Myofascial Pain Syndrome.

Ritchie-Borsche also argues that the ALJ's decision failed to address her myofascial pain syndrome, and therefore impermissibly "dismiss[ed] a line of evidence contrary" to the ruling. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). But the ALJ adopted limitations suggested by Dr. Chang, who assessed those limitations after considering Ritchie-Borsche's myofascial pain. Myofascial pain syndrome, therefore, "factored indirectly into the ALJ's decision." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Of course, Ritchie-Borsche believes her pain produces far greater restrictions than those Dr. Chang opined. "A claimant's assertions of pain," though, "are not conclusive of a disability." *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020). And an ALJ may discount testimony of "incapacitating pain" where it conflicts "with the objective medical evidence and most of the record." *Id.* As the Seventh Circuit has noted, pain is subjective, and when fashioning an RFC to account for it, "[a]lmost any conclusion an ALJ reaches . . . may be inconsistent with some evidence in the record." *Kolar v. Berryhill*, 695 F. App'x 161, 162 (7th Cir. 2017). The substantial evidence standard, though, requires affirmance unless a reasonable mind could not accept the proffered evidence as sufficient to support the ALJ's conclusion. *Id.* In

this instance, only Ritchie-Borsche's self-assessed limitations diverge from the ALJ's RFC. Under those circumstances, the substantial evidence standard is satisfied, and the Court must affirm.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge